## Case No. 10,479.

### OLCOTT v. FOND DU LAC COUNTY.

[2 Biss. 368; 1 4 Am. Law T. Rep. U. S. Cts. 47.]

Circuit Court, E. D. Wisconsin. Oct., 1870.2

FEDERAL COURTS—CONSTRUCTION OF STATE STATUTES.

1. The established rule is that the federal courts are to administer the laws of the states in cases where they apply; and the uniform practice has been to consider a judicial interpretation placed upon a statute the same as if incorporated within the language of the statute itself.

2. When the highest judicial tribunal of a state has placed a construction upon a statute of a state, that construction will be adopted by this court.

[This was a suit by Horatio J. Olcott against the county board of supervisors of Fond du Lac county.]

The legislature of Wisconsin in 1867 authorized the imposition of a tax upon the property of the county of Fond du Lac, for the purpose of enabling a railroad company to prosecute the construction of a railroad, the money raised by taxation being intended as a donation for that purpose. Under this law certain county orders were issued, bearing date the 15th of December, 1869, which orders constitute the cause of action in the case. When the county authorities were in the act of carrying into effect the provisions of this law, and before, in fact, the county orders in controversy were issued, an application was made to the state circuit court of that county, by one Whitney, for an injunction against the county of Fond du Lac, to restrain them from taking any steps in the execution of the law, on the ground that it was not warranted by the constitution of the state. An injunction was issued. Subsequently a motion was made to dissolve the injunction, and it was accordingly dissolved by the state court, and thereupon the orders in controversy were issued and sold, amounting in the aggregate to the sum of thirty thousand dollars. Whitney, however, took

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]
2 [Reversed in 16 Wall. (83 U. S.) 678.]

an appeal to the supreme court of the state from the order dissolving the injunction, and that court held that the law under which these county orders were issued was unconstitutional, and made the injunction perpetual.

M. H. Carpenter and Finches, Lynde & Miller. for plaintiff.

J. M. Gillett and Sloan & Bennett, for defendants.

Before DRUMMOND, Circuit Judge, and MILLER, District Judge.

DRUMMOND, Circuit Judge. The only question in this case is as to the effect of a decision of the supreme court of the state of Wisconsin as a rule of construction for this court in the present controversy. In other words, should this court follow the ruling of the state court on the statute? It has been strongly urged by the counsel for the plaintiff that the supreme court of Wisconsin has made decisions inconsistent in principle with that of Whiting v. Sheboygan & F. Ry. Co., 25 Wis. 167, the case referred to, and that it is the duty of this court to follow what is claimed to be the general scope and spirit of these decisions rather than the decision in this particular case. The principle declared by the supreme court of the United States in the Iowa cases, that where the highest legal authority of a state had settled the law under which instruments bearing the qualities of commercial paper were issued, affirming their validity, and on the faith of such decisions they were taken for value by different persons in the market, and the same authority subsequently decided that they were invalid, that the first ruling would be followed in the courts of the United States, is one which is binding on this court as authority, and the correctness of which cannot be disputed; and if that rule was applicable here it would govern this case. But the only case in which any question has ever arisen before the supreme court of Wisconsin upon the validity of this statute is the case just referred to, where this act of the legislature was declared to be inoperative as being in conflict with the fundamental law of the state.

The rule established by the judiciary act of 1789 [1 Stat. 73] is that the federal courts are to administer the laws of the states in cases where they apply, and the uniform practice has been to consider a judicial interpretation the same as incorporated within the language of the statute itself. And it is obvious that no other rule can be safely observed in our mixed system consistently with the rights of all parties. This court, although a court of the United States, is sitting here to administer the laws of Wisconsin, in cases where they apply, precisely as a court of the state would administer them. It is only in this way that harmony can be preserved between the courts, state and national. Where

a state court has adopted more than one construction of a state law it may be competent for the federal court to receive or accept one in preference to the other; but where there is only one construction given by the state court to a law of the state, then it would seem to be disregarding well settled principles for the federal court to decide contrary to the adjudications of the state court. Now, in this case, the plaintiff claims a right under a law of the state of Wisconsin. He has no other standing in court. It is a recent statute. It has become the subject of deliberate examination and adjudication by the supreme court of Wisconsin, and it seems to me, under the circumstances of this case, that this court should follow that decision. If it were a hasty or ill-considered judgment, then there might possibly be some reason for disregarding it. But this opinion was given after a full and able argument, and after an argument upon a motion for a rehearing; an additional opinion was given by the chief justice, and in these opinions that court considered and determined the effect of the previous decisions of the supreme court of the state, which it is claimed were not entirely consistent with this, so that it is the deliberate and well considered judgment of the supreme court of the state not only that this statute was unconstitutional, but that there was nothing in any previous decisions of that court to prevent its so deciding. If there is to be any different rule established by the supreme court of the United States than the one which we think applicable here, that court must take the responsibility. It has certainly never gone so far as the counsel for the plaintiff desire that this court should go in this case. The instruction of the court, therefore, to the jury will be that inasmuch as the supreme court of this state has decided the act under which these county orders were issued to be invalid, that this court must also decide them to be invalid, and that the plaintiff cannot recover.

This case was carried to the supreme court, and reversed by a divided court [16 Wall. (83 U. S.) 678].

NOTE. In the case of Morgan v. Curtenius, 20 How. [61 U. S.] 1, the supreme court ruled that when the circuit court adopted the construction of a state statute which was placed upon it by the supreme court of the state, the fact that that court subsequently overruled its decision, and placed a contrary construction upon the statute, will not authorize the United States supreme court to reverse the judgment of the circuit court as having been erroneously given.

That there may be exceptions to the general rule that the courts of the United States will follow the decisions of the state courts on the construction of state laws, and some such exceptions stated, see Pease v. Peck, 18 How. [59 U. S.] 595. In cases depending upon the statute of a state, especially in those respecting the titles to land, the federal courts will adopt the construction of the state courts, when that construction is settled or can be ascertained. Loring v. Marsh [Case No. 8,514]. The same rule prevails in suits in equity as at law. Id.

The natural import of the words in the judi-

ciary act includes the laws in relation to evidence as well as the laws in relation to property. Loring v. Marsh [Case No. 8,514]. The construction given to a state statute of the description mentioned, by the state court, is regarded as a part of the statute, and is as obligatory on the courts of the United States as the text; and if the state court adopts new views as to the construction of such a statute, the federal courts will follow the latest settled adjudication. Id.

The decisions of the state courts, however, cannot be allowed to retroact upon the judgments of the federal courts. The supreme court will not reverse its own judgment in a case depending upon the local law, if correctly given at the time in accordance with the settled construction given to the law by the state court, even should it appear that the state court subsequently changed its views and adopted a different construction. Loring v. Marsh [Case No. 8,514]. The same is true of the decision of the circuit courts. See, also, Van Bokelen v. Brooklyn City R. Co. [Id. 16,830]; Blossburg & Corning R. Co. v. Tioga R. Co. [Id. 1,563].

On commercial questions the courts of the United States are not bound by the decisions of the state courts. Robinson v. Commonwealth Ins. Co. [Case No. 14,949]; Williams v. Suffolk Ins. Co. [Id. 17,738]. Adopt state statutes of limitation. Martin v. Smith [Id. 9,164]; Brown v. Hiatt [Id. 2,011]. Will follow decisions of state tribunals on all questions dependent upon local laws. Springer v. Foster [Id. 13,266]. Follow state construction of statute. Woolsey v. Dodge [Id. 18,032]; McKeen v. Delancy's Lessee, 5 Cranch [9 U. S.] 22; Elmendorf v. Taylor, 10 Wheat. [23 U. S.] 157; Stapp v. The Swallow [Case No. 13,305]; Coolidge v. Curtis [Id. 3,184]; King v. Wilson [Id. 7,810]; Meade v. Beale [Id. 9,371]. If these conflict, will follow the latest. Smith v. Shriver [Id. 13,108]. Are not bound in interpretation of deeds by local adjudications. Thomas v. Hatch [Id. 13,899]. Will not rest its judgment upon construction of statute by a state court if the construction of the statute was not necessary for the decision of that case. Carroll v. Carroll, 16 How. [57 U. S.] 275. The federal courts ordinarily follow the state laws, and regard the decisions of the highest state tribunal upon a state law as conclusive; but in cases depending upon general usages of commerce or principles of commercial law, they will not be bound by state decisions. Meade v. Beale [supra].